UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE TYRELL ARMSTRONG, INMATE #26105363,<br>Plaintiff,<br>vs.<br>SAN DIEGO COUNTY SHERIFF'S OFFICE and SAN DIEGO COUNTY JAIL MEDICAL STAFF,<br>Defendants. | Case No.: 3:26-cv-5323-CAB-MMP<br>**ORDER:**<br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, [Doc. No. 2]; and**<br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, [Doc. No. 1].** |

Plaintiff Archie Tyrell Armstrong, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, [Doc. No. 1 ("Complaint")], along with a motion to proceed *in forma pauperis* ("IFP"), [Doc. No. 2].

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP.

*See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2); *see Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in increments or installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his inmate trust account statement attested to by a trust account official. [Doc. No. 2 at 4.] The document shows he had an average monthly balance of $173.85 and average monthly deposits of $25.00, with an available balance of $100.21. [*Id.*] The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $34.77. However, *this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Plaintiff remains obligated to pay the entire $350 statutory fee in full pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1) & (2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### a. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (citing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### b. Allegations in the Complaint

Plaintiff alleges that on February 6, 2026, after being treated at Scripps Mercy Hospital for a gunshot wound, he was released into the custody of Defendant San Diego County Sheriff's Office without the ability to walk and in need of physical therapy. [Complaint at 1, 3.] He was housed on the "main-line with a walker & wheelchair," where

Defendant San Diego County Jail Medical Staff were "[d]eliberately indifferent to medical needs or poor medical care with lack of medical treatment" by "intentionally withhold[ing] necessary medical treatment," constituting cruel and unusual punishment in violation of the Eighth Amendment. [*Id.* at 3.] Plaintiff alleges "jail providers lack follow up on wound. Problems getting medical care and treatment of gunshot wound. No follow up physical therapy & denied removal of bullet." [*Id.*] On April 6, 2026, a lawyer for San Diego County "responded about surgery Jan 30, 2026 of gunshot wound and there is no mention of a bullet remaining in leg. X-ray says otherwise." [*Id.*]

On March 22, 2026, Plaintiff was found unresponsive in his cell and rushed to a hospital. [*Id.* at 5.] He woke up in the ambulance and was accused of overdosing despite not using drugs, and at the hospital was diagnosed with a blood clot and prescribed a blood thinner. [*Id.*] After he returned to the jail several hours later, prison officials had x-rayed and strip searched the entire module, causing the other inmates to be angry with him. [*Id.*]

**c. Discussion**

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to" his constitutional rights. *Id.* (quoting *Wilson*, 501 U.S. at 302–03).

"In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)); *see also Wilhelm*, 680 F.3d at 1122 (holding that a prisoner plausibly alleges an Eighth Amendment violation where a failure to treat a serious medical

need "could result in further significant injury or the unnecessary and wanton infliction of pain" and "the defendant's response to the need was deliberately indifferent.").

There are no factual allegations in the Complaint that either of the two named Defendants, San Diego County Sheriff's Office and San Diego County Jail Medical Staff (together, "Defendants"), were aware that Plaintiff had a serious medical need and were deliberately indifferent to that need. Specifically, the Complaint does not allege that Defendants knew of and disregarded a substantial risk to Plaintiff's health or safety. Rather, Plaintiff alleges in conclusory terms that the Defendants were "deliberately indifferent to medical needs or poor medical care with lack of medical treatment" by "intentionally withhold[ing] necessary medical treatment," that "jail providers lack follow up on wound. Problems getting medical care and treatment of gunshot wound. No follow up physical therapy & denied removal of bullet," and that a lawyer "responded about surgery Jan 30, 2026, of gunshot wound and there is no mention of a bullet remaining in leg. X-ray says otherwise." [Complaint at 3.] Although he claims that the lack of follow-up care led to a blood clot which required hospitalization, [*see id*. at 5], there are no allegations that any Defendant was aware Plaintiff required follow up care or what care he required. *See Estelle*, 429 U.S. at 106 (an inadvertent failure to provide medical care, negligence, or malpractice and differences of opinion over medical treatment do not state an Eighth Amendment claim). The Complaint fails to identify any individual who was aware of his need for follow-up care and deliberately disregarded that need. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

To the extent Plaintiff claims Defendants inadvertently denied medical care or provided inadequate care, were negligent, or committed medical malpractice, he fails to state an Eighth Amendment claim because allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[N]egligen[ce] in diagnosing

or treating a medical condition" does not show deliberate indifference) (quoting *Estelle*, 429 U.S. at 106). If Plaintiff wishes to proceed with an Eighth Amendment deliberate indifference claim, he must set forth factual allegations which plausibly allege a Defendant knew he had a serious medical need for medical care and, knowing of that need, deliberately disregarded it.

In addition, the San Diego County Sheriff's Office is not a proper Defendant. Plaintiff cannot state a § 1983 claim against that entity because it is not a "person" within the meaning of § 1983. *See Tsao*, 698 F.3d at 1138 ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."); *Johnson v. County of San Diego*, 18cv1846-LAB (RBB), 2018 WL 5630503, at *3 (S.D. Cal. 2018) ("Local law enforcement departments, like the San Diego [County] Sheriff's [Office], municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983.").

The Court will liberally construe the Complaint as attempting to state a claim against the County of San Diego. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that when a plaintiff appears pro se, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt with respect to what claims are raised); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting that the rule of liberal construction is "particularly important" in civil rights cases). In order to state a claim against the County of San Diego, Plaintiff must allege that: (1) he was deprived of a constitutional right; (2) the County has a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011), citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts

or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). In addition to having failed to satisfy any of the pleading standards set forth above, Plaintiff has failed to plausibly allege a constitutional violation because his allegations regarding denial of medical care are conclusory, and the Complaint therefore does not state a claim against the County of San Diego. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (a complaint with conclusory allegations of municipal liability policy fails to state a claim); *Iqbal,* 556 U.S. at 678 (a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," as the "mere possibility of misconduct" falls short of the plausibility standard) (internal quotation marks omitted).

With respect to the allegation that the other prisoners were angry with Plaintiff because they were x-rayed and strip searched as a result of him being falsely accused of overdosing on drugs, "[t]he Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013), citing *Farmer*, 511 U.S. at 832–33. A prison official violates this duty when the official knows "that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. The vague and conclusory allegation in the Complaint that the other prisoners were angry with Plaintiff because they were x-rayed and strip searched does not state a failure to protect claim because it does not plausibly allege any Defendant was aware of facts from which they could draw an inference that Plaintiff faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.*; *Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" falls short of the plausibility standard).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim for relief and is therefore subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

**d. Leave to Amend**

Because Plaintiff is proceeding pro se, the Court will grant an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## III. CONCLUSION

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Application to Proceed IFP. [Doc. No. 2.]

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $34.77 initial filing fee as well as the remaining $315.23 balance of the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and to forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff **forty-five (45) days** from the date of this Order to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Any defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be

"consider[ed] . . . waived if not repled."). If Plaintiff fails to file an Amended Complaint within the time provided, the Clerk of Court shall close the case without further order from this Court.

**IT IS SO ORDERED**.

Dated: November 5, 2026

Hon. Cathy Ann Bencivengo
United States District Judge